## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

AK STEEL CORPORATION,    )
    )
    Plaintiff,    )
    )
vs.    )    Case No.
    )
PROLOGIS, INC. and PROLOGIS L.P.,    )
    )
    Defendants.    )

## COMPLAINT

COMES NOW Plaintiff AK Steel Corporation ("AK Steel"), by and through its attorneys, and for its Complaint against Defendants Prologis, Inc. and Prologis L.P. (collectively, "Prologis") hereby states as follows:

## NATURE OF THE ACTION AND JURISDICTION

1.    This is a civil action pursuant to Sections 107(a)(2) and 113(f)(3)(B) of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended, ("CERCLA"), 42 U.S.C. §§9607(a)(2) and 9613(f)(3)(B), for the recovery from Prologis of response costs which AK Steel has expended to date and will expend in the future in response to releases and threatened releases of hazardous substances, and pursuant to Kansas common law, for costs which AK Steel has incurred and will incur in the future.

2.    This action concerns property formerly owned by Santa Fe Land Improvement Company ("SFLIC") at 2707 Northeast Seward Avenue in Topeka, Kansas (the "Site").

3.    The Kansas Department of Health and Environment ("KDHE") has identified contaminants at the Site consisting of certain hazardous substances in liquid, solid and/or gaseous states including, but not limited to, PCE, TCE, cis-1,2-DCE, trans-1,2-DCE, vinyl chloride, acetone, 1,2,4-trimethylbenzene (1-,2,4-TMB), and naphthalene in the soil and PCE,

TCE, trans-1,2-DCE, 1,1-DCE, vinyl chloride, and arsenic in the groundwater (the "Contamination" or "Contaminants").

4.      On or about June 29, 2004 AK Steel entered into a "Consent Order" ("2004 Consent Order") with KDHE for performance of a comprehensive investigation and corrective action study of the Site (a copy of which is attached as Exhibit A).

5.      On or about March 27, 2014, AK Steel entered into a "Consent Agreement and Final Order" ("2014 CAFO") with KDHE for performance of corrective actions (a copy of which is attached as Exhibit B).

6.      AK Steel has incurred and will incur response costs in performance of the work required by the 2004 Consent Order and 2014 CAFO including, but not limited to, costs of investigation, testing, evaluating, removal of some or all of the Contamination, and other remedial action relating to the Contamination.  AK Steel by this action seeks recovery of those costs from Prologis and an order declaring that Prologis is liable for future costs of responding to the Contamination.

7.      In addition to costs incurred in complying with the 2004 Consent Order and 2014 CAFO, AK Steel has incurred and will incur other necessary costs of response, including but not limited to work performed in identifying Prologis as a Potentially Responsible Party.

8.      On September 12, 2014, AK Steel and Prologis entered into a Tolling Agreement, providing that the period starting with the date of the agreement and ending one year thereafter would not be included in computing the running of any the statute of limitations potentially applicable to any action brought by AK Steel on the tolled claims.

9.      This Court has jurisdiction over this action pursuant to 42 U.S.C. §§9607 and 9613(b), providing jurisdiction over controversies arising under CERCLA; 28 U.S.C. §1331,

WA 7313287.1

providing jurisdiction over federal questions; and 28 U.S.C. §§2201-2202 and 42 U.S.C. §9613(g)(2), providing jurisdiction over declaratory judgment actions.

10.     Venue is proper in this District pursuant to 42 U.S.C. §9613(b) and 28 U.S.C. §1391(b) because the property where the releases and threatened releases of hazardous substances have occurred is located within the territorial limits of this District and the damages giving rise to these claims occurred in this District.

11.     Pursuant to 42 U.S.C. § 9613(l), a copy of the Complaint was provided to the Attorney General of the United States and a copy of the Complaint was provided to the Administrator of the United States Environmental Protection Agency.

**PARTIES**

12.     Plaintiff AK Steel Corporation is a Delaware corporation with its principal place of business in West Chester, Ohio.

13.     Upon information and belief, Defendant Prologis, Inc. is a Maryland corporation with its principal place of business located at 7 St. Paul Street, Suite 820, Baltimore, Maryland 21202.  Upon information and belief, Prologis, Inc. is the legal successor in interest to SFLIC.

14.     Upon information and belief, Defendant Prologis, L.P. is a Delaware limited partnership with its principal place of business located at Pier 1, Bay 1, San Francisco, California 94111.

15.     Prologis is being sued both individually and as a successor in interest to any other predecessor entity of Prologis that may be liable to AK Steel under CERCLA. The allegations asserted against Prologis are to be construed to apply to all of Prologis' predecessors.

16.     AK Steel and Prologis are "persons" as defined by Section 101(21) of CERCLA, 42 U.S.C. §9601(21).

WA 7313287.1

## GENERAL ALLEGATIONS

17.     On November 30, 1906, SFLIC was deeded property that includes the Site from W. A. Neiswanger and Margaret Neiswanger.  On January 25, 1955, SFLIC sold a portion of the Site to AK Steel's predecessor, Armco Steel Company ("Armco").  Armco used this property for the manufacturing, distribution, and storage of corrugated steel culvert pipe.  The remaining surrounding property continued to be owned by SFLIC.

18.     SFLIC leased a portion of the Site to Turco Products, Inc. ("Turco") from on or about January 1, 1955, to January 1, 1958, for use as a chemical plant for the manufacturing and warehousing of chemical products.  From on or about January 1, 1958, to January 1, 1965, SFLIC leased that same portion of the Site to Walter S. Trombold, the owner of the Reid Supply Company ("Reid"), for use as a chemical manufacturing and warehousing plant.  This property eventually was transferred to Armco by general warranty deed on or about March 15, 1978.  The entirety of Turco's and Reid's chemical operations took place under SFLIC's ownership of the Site.

19.     AK Steel and the current owner of the Site, Contech Construction Products, Inc. ("Contech") entered into the 2004 Consent Order whereby Contech and AK Steel agreed to prepare and conduct a comprehensive investigation and a corrective action study on the Site. The investigations identified Contamination in the soil and groundwater.  In particular, the investigation identified Contamination originating from a lagoon (the "Reid Lagoon") and a building associated with the Turco and Reid chemical operations on the portion of the Site formerly leased from SFLIC by Turco and Reid.

20.     In 2008, AK Steel and Contech completed a source area excavation near the former Reid Lagoon and in 2010 installed a Soil Vapor Extraction ("SVE") system as an interim measure pursuant to the 2004 Order.  AK Steel and Contech completed a Corrective Action

WA 7313287.1

Study for the Site and submitted it to KDHE in August, 2012.  On October 23, 2013, a Final Corrective Action Decision ("CAD") was issued by KDHE, selecting soil excavation, SVE, on-site and off-site bioremediation injections, and long-term monitoring as the preferred corrective action for the Site.

21.     On March 27, 2014, AK Steel and Contech entered into the 2014 CAFO and agreed to remediate the property in accordance with the Final CAD and reimburse KDHE for its oversight costs.

22.     The Site is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. §9601(9).

23.     There has been a "release" and/or "threatened release" of hazardous substances at the Site within the meaning of Sections 101(22) and 107(a) of CERCLA, 42 U.S.C. §§ 9601(22) and 9607(a).

24.     The Contamination detected at the Site at elevated levels are "hazardous substances" as defined by Section 101(14) of CERCLA, 42 U.S.C. § 9601(14).

25.     The release and/or threatened release of hazardous substances at the Site has caused and will continue to cause AK Steel to incur response costs, including costs for removal and/or remedial actions as defined in Section 101(23)-(25) of CERCLA, 42 U.S.C. §9601(23)-(25).  Such costs are necessary and consistent with the National Contingency Plan.

26.     Prologis or its predecessor is the legal successor in interest to SFLIC.  SFLIC is a "person" (as defined in Section 101(21) of CERCLA, 42 U.S.C. § 9601(21)) who at the time of disposal of any hazardous substance owned or operated the Site at which such hazardous substances were disposed of and released or threatened to be released.

27.     Hazardous substances have been detected in both the soil and groundwater at the Site at concentrations above background levels or maximum contaminant levels as established by KDHE.

28.     AK Steel has incurred response costs pursuant to the 2004 Consent Order and the 2014 CAFO, and will continue to incur response costs in connection with the 2004 Consent Order and the 2014 CAFO at the Site. These costs have been and will continue to be (i) for actions taken in response to the release or threatened release of hazardous substances at the Site, within the meaning of 42 U.S.C. §9604; (ii) necessary costs of response incurred by AK Steel consistent with the National Contingency Plan, within the meaning of 42 U.S.C. §9607; and (iii) in excess of AK Steel's equitable shares, within the meaning of 42 U.S.C. §9613(f).

### COUNT I: CERCLA COST RECOVERY UNDER SECTION 107(a)

29.     AK Steel realleges and reincorporates by reference paragraphs 1 through 27 as if fully set forth herein.

30.     Prologis, as legal successor in interest to SFLIC, is a person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of and released or threatened to be released. Therefore, Prologis is liable under CERCLA Section 107(a)(2), 42 U.S.C. §9607(a)(2).

31.     A release or threatened release of hazardous substances has occurred at the Site, which has caused and will continue to cause the incurrence of response costs.

32.     Under CERCLA Section 107(a)(4)(B), 42 U.S.C. §9607(a)(4)(B), AK Steel is entitled to cost recovery from Prologis for response costs incurred in connection with the 2004 Consent Order and the 2014 CAFO and for future response costs to be incurred by AK Steel in connection with the Site.

WA 7313287.1

### COUNT II: CERCLA CONTRIBUTION UNDER SECTION 113(f)(3)(B)

33.     AK Steel realleges and reincorporates by reference paragraphs 1 through 31 as if fully set forth herein.

34.     Under CERCLA Section 113(f)(3)(B), 42 U.S.C. §9613(f)(3)(B), AK Steel is entitled to contribution from Prologis for response costs incurred in connection with the 2004 Consent Order and the 2014 CAFO and for future response costs to be incurred by AK Steel in connection with the Site and to an allocation by the Court of the response costs and future response costs as between AK Steel and Prologis using such equitable factors as the Court determines are appropriate.

### COUNT III: UNJUST ENRICHMENT

35.     AK Steel realleges and reincorporates by reference paragraphs 1 through 33 as if fully set forth herein.

36.     By owning or operating a facility at which hazardous substances were disposed of at the time of disposal of such hazardous substance, Prologis has caused response costs to be incurred by AK Steel at the Site.

37.     AK Steel has conferred, and will continue to confer, benefits on Prologis by paying Prologis' share of the response costs in performance of the 2004 Consent Order and the 2014 CAFO at the Site. To the extent that AK Steel has paid such costs which are the legal obligation of Prologis, AK Steel has discharged the liabilities of Prologis. Thus, Prologis has been and will continue to be unjustly enriched at the expense of AK Steel.

38.     AK Steel has conferred, and will continue to confer, benefits on Prologis by incurring other necessary costs of response at the Site. Thus, Prologis has been and will continue to be unjustly enriched at the expense of AK Steel.

WA 7313287.1

## COUNT IV: CERCLA DECLARATORY JUDGMENT

39.     AK Steel realleges and reincorporates by reference paragraphs 1 through 37 as if fully set forth herein.

40.     An actual controversy exists, within the meaning of 28 U.S.C. §2201 and CERCLA Section 113(g)(2), 42 U.S.C. §9613(g)(2), between AK Steel and Prologis with respect to their respective rights and responsibilities for the response costs incurred in connection with the 2004 Consent Order and 2014 CAFO and to be incurred with respect to the Contamination at the Site.

41.     AK Steel is entitled to a declaratory judgment on liability for response costs that will be binding in any subsequent action or actions to recover further response costs and which declares that Prologis is liable under CERCLA Section 107(a), 42 U.S.C. §9607(a), and/or CERCLA Section 113(f)(3)(B), 42 U.S.C. §9613(f)(3)(B), for all or its proper share of response costs incurred and to be incurred by AK Steel with respect to the Contamination at the Site, pursuant to CERCLA Section 113(g)(2), 42 U.S.C. §9613(g)(2), and 28 U.S.C. §§2201-2202.

WHEREFORE, AK Steel requests that the Court:

a.     Enter a judgment under 42 U.S.C. §§9607(a)(4)(B), 9613(f)(3)(B) and 9613(g)(2) against Prologis, finding that AK Steel is entitled to cost recovery and/or contribution from Prologis for response costs incurred in connection with the 2004 Consent Order and 2014 CAFO and for future response costs to be incurred by AK Steel in connection with the Contamination at the Site, and to an allocation by the Court of the response costs and future response costs as between AK Steel and Prologis using such equitable factors as the Court determines are appropriate;

b.     Enter a judgment against Prologis declaring that Prologis has been unjustly enriched by virtue of AK Steel's payment of response costs incurred in connection with the 2004 Consent Order and the 2014 CAFO and ordering Prologis to pay AK Steel an amount equal to the amount by which Prologis has been unjustly enriched;

c.     Enter a declaratory judgment against Prologis that AK Steel is entitled to cost recovery and/or contribution from Prologis for response costs

8

incurred in connection with the 2004 Consent Order and the 2014 CAFO and for future response costs to be incurred by AK Steel in connection with the Contamination at the Site and to an allocation by the Court of the response costs and future response costs as between AK Steel and Prologis using such equitable factors as the Court determines are appropriate;

d.      Award AK Steel prejudgment interest, costs, and attorneys' fees as allowed by law; and

e.      Grant such other relief as the Court deems appropriate.

Dated: September 10, 2015

Respectfully submitted,

SPENCER FANE BRITT & BROWNE LLP

/s/ Michael D. Hockley
Michael D. Hockley       KS Bar #14421
Barry L. Pickens         KS Bar #15822
Katie Jo New Wheeler     KS Bar #25299
1000 Walnut Street, Suite 1400
Kansas City, Missouri 64106
(816) 474-8100
(816) 474-3216 – Fax
mhockley@spencerfane.com
bpickens@spencerfane.com
kwheeler@spencerfane.com

**Attorneys for Plaintiff AK Steel Corporation**

WA 7313287.1