**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| AK STEEL CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| PAC OPERATING LIMITED PARTNERSHIP | ) |
| and PALMTREE ACQUISITION | ) |
| CORPORATION, | ) |
| | ) |
| Defendants/Crossclaim Plaintiffs/ | ) |
| Third-Party Plaintiffs, | ) |
| | ) |
| vs. | )   Case No. 2:15-CV-09260-CM-GEB |
| | ) |
| CONTECH ENGINEERED SOLUTIONS, | ) |
| LLC., ARKEMA INC., HENKEL | ) |
| CORPORATION, AND DIAL | ) |
| CORPORATION, | ) |
| | ) |
| Third-Party Defendants, | ) |
| | ) |
| vs. | ) |
| | ) |
| VIAD CORP and BNSF RAILWAY | ) |
| COMPANY | ) |
| | ) |
| Fourth-Party Defendants. | ) |
| | ) |
| | ) |

**FOURTH PARTY PLAINTIFF ARKEMA INC.'S MEMORANDUM**
**OF LAW IN OPPOSITION TO FOURTH PARTY DEFENDANT BNSF**
**RAILWAY COMPANY'S MOTION TO DISMISS OR STRIKE ARKEMA'S**
**AMENDED FOURTH PARTY COMPLAINT**

Fourth Party Plaintiff Arkema Inc. ("Arkema") by and through its undersigned counsel

submits this Memorandum of Law in opposition to Fourth Party Defendant BNSF Railway

Company's ("BNSF") Motion to Dismiss or Strike Arkema's Amended Fourth Party Complaint

(the "Motion").  As set forth herein, this Court should deny BNSF's Motion in its entirety because: (a) it was impermissibly filed in violation of Fed. R. Civ. P. 12(g); and (b) BNSF may not seek a dismissal of the Amended Fourth Party Complaint and Arkema's claim for contribution under Section 113(f) of CERCLA by attacking the relief requested in the Amended Fourth Party Complaint where, as a matter of law, the prayer for relief is separate and distinct from Arkema's contribution claim.

## I.   FACTS AND PROCEDURAL HISTORY RELEVANT TO THE MOTION

Plaintiff, AK Steel Corporation ("AK Steel") commenced this action against PAC Operating Limited Partnership ("PAC") and Palmtree Acquisition Corporation ("Palmtree") by filing a Complaint on September 11, 2015.  [Docket No. 1].  Thereafter, AK Steel filed an Amended Complaint (the "Amended Complaint").  [Docket No. 5].  In the Amended Complaint, AK Steel seeks to hold PAC and Palmtree liable for environmental response costs relating to the site located at 2707 Northeast Seward Avenue in Topeka, Kansas (the "Site") and attempts to assert claims against PAC and Palmtree under Sections 107(a)(4)(B) and 113(f)(3)(B) of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended ("CERCLA").  [Amended Complaint, ¶¶ 1-2, 29-34].  The Amended Complaint also includes a state law claim for unjust enrichment and a claim for declaratory relief under Section 113(g)(2) of CERCLA.  [*See id.* at ¶¶ 35-41].  AK Steel seeks to recover response costs, including costs related to identification of potential responsible parties under CERCLA.  [*See id.* at ¶¶ 7, 28, Prayer for Relief].  PAC and Palmtree have filed Answers to the Amended Complaint and asserted counterclaims against AK Steel.  [Docket Nos. 8, 9].

On June 23, 2016, PAC and Palmtree filed a Third Party Complaint against Arkema (the "Third Party Complaint") alleging that Arkema is the legal successor to Turco Products, Inc.

("Turco"), an entity which is alleged to have previously operated at the Site. [Docket No. 25]. In the Third Party Complaint, PAC and Palmtree attempt to assert claims against Arkema for contribution under Section 113(f) and state law. [Third Party Complaint, ¶ 26, Prayer for Relief]. Additionally, in the Third Party Complaint PAC and Palmtree request that if an "injunction is entered directing PAC and Palmtree to pay future costs to AK Steel then such injunction should also direct Arkema to be likewise responsible for its equitable share of such future costs." [Third Amended Complaint, Prayer for Relief]. On November 23, 2016, Arkema filed its Answer with Affirmative Defenses to the Third Party Complaint with Counterclaims and Crossclaims. [Docket No. 70]. Therein, Arkema denies that it is the legal successor to Turco as well as any liability to PAC and Palmtree regarding the Site.

On August 17, 2017, Arkema filed a Fourth Party Complaint thereby joining BNSF as a fourth party defendant in this action (the "Fourth Party Complaint"). [Docket No. 101]. In the Fourth Party Complaint, Arkema asserted that BNSF is the legal successor to the Atchinson, Topeka & Sante Fe Railway Company and asserted claims for contribution under Section 113(f) and state law. [Fourth Party Complaint]. The prayer for relief in the Arkema's Fourth Party Complaint requested that the Court enter judgment in favor of Arkema and against BNSF for (a) BNSF's equitable share of any liability or damages awarded against Arkema and in favor of PAC and Palmtree; (b) injunctive relief against BSNF for its equitable share of future costs in the event that Arkema is ordered to pay future costs to PAC and Palmtree; and (c) for the taxable courts costs and attorneys' fees. [Fourth Party Complaint, Prayer for Relief].

Pursuant to Rules 12(b)(6) and 12(e), on December 5, 2017 BNSF filed a Motion to Dismiss Arkema's Fourth Party Complaint for Failure to State a Claim or for a More Definite Statement (the "Initial Motion to Dismiss") along with a supporting memorandum of law (the

"Initial Memorandum").   [Docket Nos. 118, 119].   In the Initial Motion to Dismiss, BNSF argued only that Arkema: (a) could not assert a claim for relief under Section 107 of CERCLA; (b) had failed to plead sufficient facts to state a claim for contribution under Section 113(f); and (c) had failed to state a claim for contribution under Kansas law.   [Initial Motion; Initial Memorandum, pp. 5-14].   Significantly, nowhere in the Initial Motion to Dismiss or the Initial Memorandum did BNSF assert that Arkema was not entitled to recover attorneys' fees in this Action or that it was not entitled to injunctive relief.   [Initial Motion; Initial Memorandum, pp. 5-14].   Nor did BNSF request dismissal of the Fourth Party Complaint on either basis.   [Initial Motion; Initial Memorandum, pp. 5-14].

In accordance with the Court's Order dated December 15, 2017 and Fed. R. Civ. P. 15(a)(1)(B), on January 16, 2018 Arkema filed its Amended Fourth Party Complaint against BNSF (the "Amended Fourth Party Complaint").   [Docket Nos. 125, 136].   In the Amended Fourth Party Complaint, Arkema asserts a claim against BNSF for contribution under Section 113(f) of CERCLA and requests the same relief that Arkema requested in the Fourth Party Complaint.   [Amended Fourth Party Complaint, ¶¶ 39-51, Prayer for Relief; Fourth Party Complaint, Prayer for Relief].

Despite having previously filed a motion under Rule 12, on January 30, 2018 BNSF filed the Motion to Dismiss or to Strike the Amended Fourth Party Complaint (the "Motion") with supporting memorandum of law (the "Memorandum").   [Docket Nos. 138, 139].   In the Motion, BNSF raises for the first time issues that BNSF did not raise in its Initial Motion to Dismiss.   In the Motion, BNSF attempts to challenge aspects of the prayer for relief in the Amended Fourth Party Complaint on the basis that Arkema allegedly may not recover attorneys' fees or be

awarded injunctive relief under CERCLA.[1]   [Motion; Memorandum, at pp. 5-7].  As a result, pursuant to Rule 12(b)(6) BNSF requests the Court dismiss the Amended Fourth Party Complaint in its entirety or alternatively pursuant to Rule 12(f) strike Arkema's request for attorneys' fees and injunctive relief.  [Memorandum, pp. 5-7].

## II.  STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of a complaint against the pleading requirements of Rule 8(a)(2).  *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  Under Rule 8(a)(2), a complaint must contain a short and plain statement *of the claim* showing that the pleader is entitled to relief, "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007)); Fed. R. Civ. P. 8(a)(2).

Reviewing a motion to dismiss for failure to state a claim, the court must "accept[] all facts pleaded by the non-moving party as true and draw[] any reasonable inferences in favor of the non-moving party."  *Cooper Mktg. Consulting LLC v. Gerson Co.*, Civ. A. No. 17-2347-DDC-GLR, 2018 WL 276765, at *4 (D. Kan. Jan. 3, 2018); *see also Cinema Scene Mktg. & Promotions, Inc. v. Caldient Capital, LLC*, Civ. A. No. 16-2759-JAR, 2018 WL 806208, at *3 (D. Kan. Feb. 9, 2018).  "To survive a motion to dismiss under [Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Cooper Mktg.*, 2018 WL 276765, at *4 (quoting *Ashcroft v. Iqbal*, 566 U.S. 662, 678

---

[1]     In the Motion to Dismiss, BNSF alleges that Arkema has failed to state any facts supporting its request for injunctive relief.  [Motion, p. 2].  Contrary to BNSF's assertion, in the Amended Fourth Party Complaint Arkema is seeking contribution from BNSF for the claims asserted against Arkema by PAC and Palmtree in their Third Party Complaint which complaint contains a request for injunctive relief for future costs.  [Amended Fourth Party Complaint, ¶¶ 47-51 and Prayer for Relief; Third Party Complaint, Prayer for Relief].  Notably, AK Steel seeks such relief from PAC and Palmtree by way of declaratory relief under Section 113(g)(2).  [Amended Compliant, ¶¶ 39-41, Prayer for Relief].  As such, by the Amended Fourth Party Complaint, Arkema is seeking contribution for the claims asserted against it in this Action and has pleaded facts to support its request for relief.  In actuality, Arkema is simply seeking declaratory relief regarding future costs in the form of an order in the event that AK Steel, PAC and Palmtree are awarded such relief.

(2009)).  The plausibility standard, however, "does not require a showing of probability that 'a defendant has acted unlawfully, but requires more than 'a sheer possibility.'"  *Cinema Scene Mktg.*, 2018 WL 806208, at *3 (quoting *Iqbal*, 566 U.S. at 678).  Therefore, a complaint has "'facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged.'"  *Id.* (quoting *Iqbal*, 566 U.S. at 678).

### III. ARGUMENT

The Court should deny BNSF's Motion in its entirety.  Not only was the Motion improperly filed in violation of Rule 12(g), but as a matter of law BNSF may not by way of a motion under Rule 12 seek dismissal of the Amended Fourth Party Complaint based upon a challenge to the relief requested in the Amended Fourth Party Complaint.  Accordingly, BNSF should be required to promptly file its Answer to the Amended Fourth Party Complaint rather than attempting to further delay this action through impermissible motion practice.

Rule 12(g)(2) of the Federal Rules of Civil Procedure provides:

> *Limitation on Further Motions.* Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule <u>must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.</u>

Fed. R. Civ. P. 12(g)(2) (emphasis added in part).  As a result, where a party has previously filed a motion under Rule 12, if that party thereafter files another motion seeking dismissal for failure to state a claim for which relief may be granted and such motion is based upon a defense or objection that was previously available to that party, the subsequent motion can only be made as a motion for judgment on the pleadings pursuant to Rule 12(c).  *See* Fed. R. Civ. P. 12(g)(2), 12(h)(2) (providing: "[f]ailure to state a claim upon which relief may be granted . . .  may be raised:  (A) in any pleading allowed or ordered under Rule 7(a); (B) <u>by a motion under Rule</u>

12(c); or (C) at trial") (emphasis added).  Therefore, under the plain language of Rule 12 once a

party has filed a motion under Rule 12 that party is prohibited from filing another motion under

Rule 12, other than a motion under Rule 12(c), where the motion is based upon a defense or

objection that was previously available to the movant.  *See Brokers' Choice of Am., Inc. v. NBC*

*Universal, Inc.*, 861 F.3d 1081, 1101-02 (10th Cir. 2017) (noting that other than a motion under

Rule 12(c) successive motions under Rule 12 for failure to state a claim are not permitted) (citing

5C Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure, § 1385 (3d. ed.,

Apr. 2017 update) (stating therein: "However, even though a Rule 12(b) motion has been made

and a second Rule 12(b) motion is not permitted, the three defenses listed in Rule 12(h)(2) may

be raised on a motion under Rule 12(c) . . . .")) [2]; *see also Hernandez v. Casey*, Civ. A. No. 3:16-

CV-452-M-BH, 2017 WL 685679, at *2-3 (N.D. Tex. Jan. 12, 2017) (stating that under Rule

12(g), "[t]he filing of an amended complaint does not 'revive' the right of the defendant to file a

successive Rule 12(b)(6) motion to dismiss on grounds that were *available but not raised* prior to

the amended pleading.").

Here, BNSF's Motion is prohibited under Rule 12(g) because BNSF previously moved to

dismiss the Fourth Party Complaint and the basis for its instant Motion was available to BNSF at

the time it filed its Initial Motion to Dismiss.  Importantly, the relief requested by Arkema in the

---

[2]     Although a court may treat an improperly filed successive motion under Rule 12(b)(6) as a motion for
judgment on the pleadings under Rule 12(c), for the reasons discussed herein because BNSF challenges only the
relief requested in the Amended Fourth Party Complaint and not Arkema's claim for contribution under Section
113(f), even if the Court were to treat it as such, BNSF's Motion must be denied.  [See discussion, *infra*, pp. 8-12];
*see also Abaza v. Publix Supermarkets, Inc.*, Civ. A. No. 8:16-cv-386-T-23TBM, 2016 WL 3126731, at *2 (M.D.
Fla. June 3, 2016) (denying motion for judgment on the pleadings under Rule 12(c) where defendant challenged the
relief requested in the complaint and stating: "The motion for judgment on the pleadings correctly argues that
liquidated damages are not available under the Americans with Disabilities Act.  However, 'courts will not dismiss
for failure to state a claim merely because the complaint requests inappropriate relief. . . .  [I]t need not appear that
the plaintiff can obtain the particular relief prayed for in the complaint, as long as the district judge can ascertain
from what has been alleged that some relief may be granted by the court.' . . . For the same reason, 'courts [cannot
grant judgment on the pleadings] merely because the complaint requests inappropriate relief.'" (quoting 2 Moore's
Federal Practice, § 12.34[1] (3d ed. 2015); 5B Charles Alan Wright and Arthur R. Miller, Federal Practice and
Procedure, § 1357 (3d. ed. 2015)) (alteration in original).

Fourth Party Complaint and the Amended Fourth Party Complaint is the same. [Fourth Party Complaint, Prayer for Relief; Amended Fourth Party Complaint, Prayer for Relief]. In both complaints, Arkema requested the award of attorneys' fees along with injunctive relief against BSNF for its equitable share of future costs in the event that Arkema is ordered to pay future costs to PAC and Palmtree. [Fourth Party Complaint, Prayer for Relief; Amended Fourth Party Complaint, Prayer for Relief]. Despite this, in its Initial Motion to Dismiss BNSF did not move to dismiss the Fourth Party Complaint on the basis that such relief is not available to Arkema under CERCLA or otherwise challenge the relief requested. [Initial Motion to Dismiss; Initial Memorandum, pp. 5-14]. Consequently, having failed in the Initial Motion to Dismiss to assert as a defense or objection to the Arkema's Fourth Party Complaint based upon the relief requested therein, under Rule 12(g) BNSF is prohibited from moving to dismiss the Amended Fourth Party Complaint under pursuant to Rule 12(b)(6) or moving to strike the request for fees and injunctive relief under Rule 12(f). As such, its Motion should be denied in its entirety.

Notwithstanding the foregoing, BNSF's Motion should be denied because, as a matter of law, a motion under Rule 12(b)(6) or Rule 12(c) is not a proper mechanism to attack the relief requested in the Amended Fourth Party Complaint or to seek dismissal of the Amended Fourth Party Complaint. The Tenth Circuit has held that "the prayer forms no part of the cause of action." *Preas v. Phebus*, 195 F.2d 61, 63 (10th Cir. 1952); *Schoonover v. Schoonover*, 172 F.2d 526, 530 (10th Cir. 1949) (stating same); *see also Bontkowski v. Smith*, 305 F.3d 757, 762 (7th Cir. 2002) (stating: "[e]ven if the district court was right that [plaintiff] is seeking relief to which he's not entitled, this would not justify dismissal of the suit. . . . [T]he demand itself is not part of the plaintiff's claim.") (citing, *inter alia*, *Schoonover*, 172 F.2d at 530). Consequently, the "question of whether a plaintiff has stated a claim turns not on 'whether [he] has asked for the

proper remedy, but whether he is entitled to any remedy.'" *City of Los Angeles v. Lyons*, 461 U.S. 95, 131 (1983) (quoting Charles Alan Wright, Alan Miller, & Mary Kay Kane, Federal Practice and Procedure, § 2664 (1983)) (alteration in original, emphasis added in part). Therefore, whether a party has stated a claim for which relief may be granted is "dependent on the facts alleged in the claim for relief, 'not on the . . . allegations of damages or [the] theory of damages." *Oppenheimer v. Southwest Airlines Co.*, Civ. A. No. 13-CV-206-IEG(BGS), 2013 WL 3149483, at *3 (S.D. Cal. June 7, 2013) (quoting *Yaskot v. International Natural, LLC*, Civ. A. No. 4:10-cv–490-CWD, 2011 WL 2036688, at *3 (D. Idaho May 24, 2011)); *see also Bontkowski*, 305 F.3d at 762 (finding that, because the demand for relief is not part of a plaintiff's claim, the "failure to specify relief to which the plaintiff was entitled would not warrant dismissal under Rule 12(b)(6)"); *Lada v. Wilkie*, 250 F.2d 211, 215 (8th Cir. 1957) (reversing dismissal of complaint notwithstanding unavailability of remedy requested in complaint and stating: "The question, however, was not whether all the relief asked for by the plaintiffs could be granted, but whether, under any state of facts which might be established at trial in support of the claim stated in the complaint, they could be accorded any relief."); *Palantir Techs., Inc. v. Palantir.net, Inc.*, Civ. A. No. C 10-04283 CRB, 2011 WL 3047327, at *3 (N.D. Cal. July 25, 2011) (denying motion seeking to dismiss complaint or strike relief and stating: "'The test of a complaint pursuant to a motion to dismiss lies in the claim not in the demand.' . . . 'It need not appear that the plaintiff can obtain the *specific* relief demanded as long as the court can ascertain from the face of the complaint that *some* relief can be granted.'" (quoting *U.S. Commodity Futures Trading Comm'n v. Bradley*, 408 F. Supp. 2d 1214, 1223 (N.D. Okla. 2005); *Doe v. U.S. Dep't of Justice*, 753 F.2d 1092, 1104 (D.C. Cir. 1985) (citing Charles Alan Wright and Arthur R. Miller., Federal Practice and Procedure, § 1357 (3d ed. 1998))).

As a motion under Rule 12(b)(6) challenges the sufficiency of a claim, courts have consistently held that "because a prayer for relief is a remedy and not a claim, a Rule 12(b)(6) motion to dismiss for failure to state a claim is not a proper vehicle to challenge a plaintiff's prayer for damages, because Rule 12(b)(6) only countenances dismissal for failure to state a claim." *Elias v. Navasartian*, Civ. A. No. 1:15-cv-01567-LJO-GSA-PC, 2017 WL 1013122, at *4 (E.D. Cal. Feb. 17, 2017) (denying defendant's motion to dismiss plaintiff's request for punitive damages); *see also Dixon v. NYK Reefers Ltd.*, Civ. A. No. 8:15-cv-1806-T23JSS, 2016 WL 4162920, at *2 (M.D. Fla. Aug. 4, 2016) (denying defendant's motion to dismiss on the basis that attorneys' fees are not recoverable statutorily or contractually and stating: "'[C]ourts will not dismiss for failure to state a claim merely because the complaint requests inappropriate relief.'") (quoting 2 Moore's Fed'l Practice, § 12.34[1][b] (3d ed. 2014)); *Damisse v. Paul*, Civ. A. No. 1:15-cv-199-NT, 2016 WL 9459304, at *1 (D. Me. Apr. 4, 2016) (denying motion to dismiss stating: "Picking off one type of relief requested when other types of relief remain available does not demonstrate a 'failure to state acclaim upon which relief can be granted.' . . . I understand that the parties would like guidance on the issue of non-pecuniary damages . . . but that desire for clarity does not overcome the limits of Rule 12(b)(6).") (citation omitted); *AG Spectrum Co. v. Elder*, 181 F. Supp. 3d 615, 617 (S.D. Iowa 2016) ("While a Rule 12(b)(6) motion lies if a plaintiff has not stated a claim upon which *any* relief can be granted, under the facts of this case, a Rule 12(b)(6) motion is not the appropriate vehicle for the dismissal of one of Ag Spectrum's prayers for relief, which 'is not itself part of the plaintiff's claim.' . . . Elder's argument that Ag Spectrum's prayer for relief is inequitable or inappropriate because Elder is an independent contractor does not dispute the legal sufficiency of Ag Spectrum's claim, and as such, it does not form the basis of a Rule 12(b)(6) motion to dismiss.") (quoting *Bontkowski*, 305

F.3d at 762); *Mecum v. Wells Fargo Bank, N.A.*, Civ. A. No. C15-1302JLR, 2016 WL 1047435, at *5 (W.D. Wash. Mar. 9, 2016) ("Because a prayer for relief is a remedy and not a claim, a Rule 12(b)(6) motion to dismiss for failure to state a claim is not a proper vehicle to challenge the requested relief."); *MI Windows & Doors v. Liberty Mut. Fire Ins. Co.*, 123 F. Supp. 3d 1332, 1341 (M.D. Fla. 2015) (denying motion to dismiss based upon prayer for relief and stating: "[I]t need not appear that the plaintiff can obtain the particular relief prayed for in the complaint, so long as the district judge can ascertain from what has been alleged that some relief may be granted by the court. . . . Thus 'courts will not dismiss for failure to state a claim merely because the complaint requests inappropriate relief.' In other words, '[b]ecause a demand for relief is not part of a plaintiff's statement of the claim, the nature of the relief sought is immaterial to the question of whether a complaint adequately states a claim for which relief can be granted.'") (citations omitted); *Meeks v. Emiabata*, Civ. A. No. 7:14cv00534, 2015 WL 1636800, at *2 (W.D. Va. Apr. 13, 2015) ("Rule 12(b)(6) is a vehicle to dismiss a 'claim' in its entirety. . . . Thus, a court 'should not dismiss a complaint so long as it sets out facts sufficient to support a reasonable inference that the plaintiff is entitled to *any* relief the court can grant, even if that relief is not specifically requested.'") (citation omitted); *Charles v. Front Royal Volunteer Fire & Rescue Dep't*, 21 F. Supp. 3d 620, 629-30 (W.D. Va. 2014) (finding that a challenge to the relief requested is "not properly raised on a Rule 12(b)(6) motion" and stating: "'A plain reading of Rule 12(b)(6) indicates that the rule may be used only to dismiss a 'claim' in its entirety.' . . . '[A] demand for relief is not part of a plaintiff's statement of the claim.' . . . As such, the nature of the relief included in the demand for judgment is immaterial to the question of whether a complaint adequately states a claim upon which relief can be granted.'") (citations omitted).

Seeking dismissal of the Amended Fourth Party Complaint in its entirety, BNSF argues only that Arkema is not entitled to recover *some* of the relief requested.  Specifically, BNSF argues only that Arkema may not recover attorneys' fees and injunctive relief under CERCLA. [Motion; Memorandum, pp. 5-7].  BNSF does not challenge, however, Arkema's prayer for relief insofar as it requests that BNSF be required to pay its "equitable share of any liability or damages awarded against Arkema and in favor of PAC and Palmtree."  [Amended Fourth Party Complaint, Prayer for Relief; Motion to Dismiss].  As such, BNSF has conceded that Arkema has pleaded a legally cognizable basis for relief under CERCLA with respect to Arkema's claim for contribution under Section 113(f).  Nonetheless, BNSF may not under the guise of a motion under Rule 12(b)(6) seek dismissal of the Amended Fourth Party Complaint in its entirety for failure to state a claim based only upon an attack on the relief requested therein.  *See, e.g.*, *Bontkowski*, 305 F.3d at 762 (stating: "[e]ven if the district court was right that [plaintiff] is seeking relief to which he's not entitled, this would not justify dismissal of the suit. . . . [T]he demand itself is not part of the plaintiff's claim.'").  Because BNSF has challenged only the relief requested in the Amended Fourth Party Complaint, it has failed to lodge a proper challenge to Arkema's *claim* for contribution under Section 113(f) of CERCLA.  Therefore, not only has BNSF failed to aver any cognizable basis to dismiss the Amended Fourth Party Complaint, but its Motion is not a proper vehicle to seek such a dismissal.  Similarly, because the request to strike the requested relief is also based upon the incorrect allegation that Arkema *has failed to state a claim* under Section 113(f), BNSF's request to strike Arkema's request for attorneys' fees and injunctive relief must likewise be denied.  *See Palantir Techs.*, 2011 WL 3047327, at *3 (denying motion to dismiss as well as motion to strike request for relief).

**IV.CONCLUSION**

Based upon the foregoing, Fourth Party Plaintiff Arkema Inc. requests that this Court deny Fourth Party Defendant BNSF Railway Company's Motion to Dismiss or Strike Arkema's Amended Fourth Party Complaint in its entirety.

Respectfully submitted,

FOULSTON SIEFKIN LLP

Dated: February 20, 2018

*/s/David R. Green*

Anthony F. Rupp, KS #11590
David R. Green, KS #26732
32 Corporate Woods, Suite 600
Overland Park, KS  66210
Tel: (913) 498-2100
Fax: (913) 498-2101
E-mail: *trupp@foulston.com*
        *dgreen@foulston.com*

David J. Parsells, *pro hac vice*
Nicholas H. Pennington, *pro hac vice*
STEVENS & LEE, PC
620 Freedom Business Center, Suite 200
King of Prussia, PA  19406
Tel: (610) 205-6004
Fax" (610) 371-7968
E-Mail: *djp@stevenslee.com*
        *nhp@stevenslee.com*

*Counsel for Third-Party Defendant/*
*Fourth-Party Plaintiff Arkema Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of February 2018, I electronically filed the above and foregoing with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the following:

Barry L. Pickens
Michael D. Hockley
Spencer Fane Britt & Browne LLP - Overland Park
9401 Indian Creek Parkway, Suite 700
Overland Park, KS  66210-2005

*Counsel for Plaintiff AK Steel Corporation*
*and Third-Party Defendant Contech*
*Engineering Solutions LLC*

Vincent E. Gunter                                  Kevin E. Deenihan
Rasmussen, Willis, Dickey & Moore, LLC            The Rasmussen Law Firm
1001 E. 101st Terrace                         6033 W. Century Blvd, Suite 444
Kansas City, MO  64131                             Los Angeles, CA  90045

*Counsel for Defendants and Third-Party*
*Plaintiffs PAC Operating Limited Partnership*
*and Palmtree Acquisition Corporation*

Alan L. Rupe                                       Philip O'Rourke, *pro hac vice*
Lewis Brisbois Bisgaard & Smith LLP               Berj Parseghian, *pro hac vice*
1605 N. Waterfront Pkwy, Suite 150                Lewis Brisbois Bisgaard &
Smith LLP Wichita, KS  67206                       77 Water Street, Suite 2100
                                                   New York, NY  10005

*Counsel for Third-Party Defendant Henkel Corporation*
*And Fourth-Party Defendant Viad Corp*

Peter S. Strassner
Paul T. Sonderegger
Thompson Coburn, LLP
One US Bank Plaza
St. Louis, MO  63101

*Counsel for Fourth-Party Defendant*
*BNSF Railway Company*

*/s/David R. Green*
David R. Green