IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

AK STEEL CORPORATION,

    **Plaintiff**

    v.

PAC OPERATING LIMITED PARTNERSHIP and PALMTREE ACQUISITION CORPORATION,

    **Defendants/Crossclaim Plaintiffs/ Third-Party Plaintiffs,**

    v.

CONTECH ENGINEERED SOLUTIONS, LLC, ARKEMA, INC., HENKEL CORPORATION, and DIAL CORPORATION,

    **Third-Party Defendants**

Case No. 15-9260-CM

## MEMORANDUM AND ORDER

This matter is before the court on third-party defendant Henkel Corporation's ("Henkel") Motion to Amend and Certify the Court's August 3, 2017 Order for Interlocutory Appeal (Doc. 96). The court denied Henkel's Motion to Dismiss for Lack of Jurisdiction (Doc. 95), and Henkel now requests the court certify the order for interlocutory appeal under 28 U.S.C. § 1292(b). For the following reasons, the court denies the motion.

**I.    Background**

Henkel is a third-party defendant in a case involving a suit brought under the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA") for environmental response costs associated with property in Topeka, Kansas. Defendants and third-party plaintiffs PAC Operating Limited Partnership and Palmtree Acquisition Corporation ("PAC") filed a third-party

complaint against Henkel seeking contribution for any environmental response costs or damages. PAC alleges Henkel is a successor corporation to Old Turco, the entity that allegedly contaminated the property. Henkel filed a motion to dismiss the third-party complaint for lack of personal jurisdiction arguing that, as a Delaware corporation with its principal place of business in Connecticut, it did not have the requisite minimum contacts with Kansas to establish jurisdiction.

In the order denying Henkel's motion, this court first found that PAC had not made a prima facie case showing Henkel was a liable successor to Old Turco, and therefore had not established minimum contacts under specific jurisdiction. This court, however, found that general jurisdiction existed because Henkel consented to jurisdiction in Kansas by registering to do business here. In *Pennsylvania Fire Ins. Co. v. Gold Issue Min. & Mill. Co.*, 243 U.S. 93 (1917), the United States Supreme Court held that a corporate defendant may consent to general jurisdiction by registering to do business in a state. Because the Kansas Supreme Court had interpreted the Kansas business registration statute—Kan. Stat. Ann. § 17-7931—as establishing consent to general jurisdiction, this court found that it was bound by *Pennsylvania Fire* in finding that general jurisdiction existed due to Henkel's registration in Kansas.

Henkel argued that the United States Supreme Court's more recent case, *Daimler AG v. Bauman*, 134 S. Ct. 746, 751 (2014), implicitly overturned *Pennsylvania Fire* by narrowing the scope of general jurisdiction to exist only where a corporation is at "home." This court, following the rationale from another case from this district, *In re Syngenta AG MIR 162 Corn Litig.* 14-MD-2591-JWL, 2016 WL 1047996 (D. Kan. Mar. 11, 2016), found that although *Daimler* may have narrowed the scope of general jurisdiction, it had not expressly overturned *Pennsylvania Fire*. Because *Pennsylvania Fire* was binding precedent, this court found that Henkel had consented to general jurisdiction by registering to do business in Kansas. Henkel now asks the court to certify its order for interlocutory appeal arguing that because

there is substantial disagreement amongst courts as to whether registering to do business in a state constitutes consent to general jurisdiction, this issue is appropriate for interlocutory appeal.

## II. Legal Standards

Under 28 U.S.C. § 1292(b):

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

Therefore, a court may certify an interlocutory order if 1) such order involves a controlling question of law; 2) a substantial ground for difference of opinion exists with respect to the question of law; and 3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. *Id.* Certification under § 1292(b) should be "limited to extraordinary cases in which extended and expensive proceedings probably can be avoided by immediate and final decision of controlling questions encountered early in the action." *Menefee v. Werholtz*, No. 08-2214-SAC, 2009 WL 949134, at *1 (D. Kan. Apr. 7, 2009) (quoting *Utah v. Kennecott Corp.*, 14 F.3d 1489, 1495 (10th Cir. 1994)). One of the primary purposes of § 1292(b) is to "provide an opportunity to review an order when an immediate appeal would 'materially advance the ultimate termination of the litigation.'" *Id.*

## III. Analysis

Henkel argues interlocutory appeal under § 1292(b) is appropriate because there is a substantial ground for difference of opinion as to whether registering to do business in a state constitutes consent to general jurisdiction. Henkel cites numerous cases from other jurisdictions that have rejected business registration as consent to general jurisdiction. Henkel also claims that resolution of the jurisdictional

question is a controlling question of law which will materially advance the ultimate termination of the litigation because eliminating a third-party claim will significantly narrow the scope of discovery and proof that the remaining parties would present at trial.

Section 1292(b) "is meant to be applied in relatively few situations and has not been read as a significant incursion on the traditional federal policy against piecemeal appeals." § 2658.2 When a Judgment Under Rule 54(b) Can Be Entered—Application to Other Appeal Procedures: Section 1292(b), 10 Fed. Prac. & Proc. Civ. § 2658.2 (3d ed.).  It should only be used "in exceptional cases where a decision of the appeal may avoid protracted and expensive litigation . . . ." *Prof'l Serv. Indus., Inc. v. Kimbrell*, 841 F. Supp. 358, 363 (D. Kan 1993).

Here, the court finds that certifying this question for interlocutory appeal is not appropriate.  The court acknowledges that subject matter jurisdiction is a controlling question of law.  *See Adams v. Burlington N. R. Co.*, 843 F. Supp. 686, 688 (D. Kan. 1994).  And an immediate appeal may advance the ultimate termination of the litigation in that it would eliminate this third-party claim, however, the litigation will continue regardless.  This factor weighs against certification.

The court is equally unconvinced that this question is one in which there is a substantial ground for difference of opinion.  Henkel cites numerous cases that have found that consent to jurisdiction by business registration is inconsistent with *Daimler*.  All the cases, however, are from other jurisdictions, and none come from a circuit court.  This court's order finding general jurisdiction is consistent with other cases in this district.  *See In re Syngenta*, 2016 WL 1047996 at *3 ("As discussed above, the Supreme Court has continued to sanction personal jurisdiction by consent even after *International Shoe*, and the Court has not overruled its precedents concerning consent through registration. The Court is not prepared to ignore such Supreme Court precedent based on speculation about how the Court might view jurisdiction in contexts other than that discussed in Daimler."); *Snyder Ins. Servs., Inc. v. Sohn*, No. 6-

CV-2535-DDC-GLR, 2016 WL 6996265, at *2 (D. Kan. Nov. 30, 2016) ("While the Tenth Circuit has not ruled on this issue, the court predicts that it would agree, if confronted with the issue, with Judge John W. Lungstrum's opinion in *Syngenta I*.  In *Syngenta I*, our court joined the First, Third, and Eighth Circuits in recognizing general jurisdiction through consent by registration.").

Because there is not a substantial ground for difference of opinion to justify an interlocutory appeal and because of the "Tenth Circuit's demonstrated reluctance to accept cases for interlocutory appeal except in the rarest of circumstances," *Etienne v. Wolverine Tube, Inc.*, 15 F. Supp. 2d 1060, 1062 (D. Kan. 1998), the court denies Henkel's request to certify the jurisdictional question for interlocutory appeal.  The question will be ripe for appeal at the finality of the litigation.

**IT IS THEREFORE ORDERED** that third-party defendant Henkel Corporation's Motion to Amend and Certify the Court's August 3, 2017 Order For Interlocutory Appeal (Doc. 96) is denied.

Dated March 28, 2018, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**