**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| AK STEEL CORPORATION,<br><br>    **Plaintiff**<br><br>    v.<br><br>PAC OPERATING LIMITED PARTNERSHIP and PALMTREE ACQUISITION CORPORATION,<br><br>    **Defendants/Crossclaim Plaintiffs/<br>    Third-Party Plaintiffs,**<br><br>    v.<br><br>CONTECH ENGINEERED SOLUTIONS, LLC, ARKEMA, INC., HENKEL CORPORATION, and DIAL CORPORATION,<br><br>    **Third-Party Defendants**<br><br>    v.<br><br>VIAD CORP AND BNSF RAILWAY COMPANY,<br><br>    **Fourth-Party Defendants** | Case No. 15-9260-CM |

## **MEMORANDUM AND ORDER**

This matter is before the court on fourth-party defendant BNSF Railway Company's ("BNSF") Motion to Dismiss or Strike Arkema Inc.'s ("Arkema") Amended Fourth-Party Complaint (Doc. 138). BNSF asks this court to dismiss or strike Arkema's amended complaint under Rule 12(b)(6) and 12(f)(2) of the Federal Rules of Civil Procedure, arguing Arkema is seeking remedies that are not recognized under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"). For the following reasons, the court grants the motion in part.

-1-

**I.       Background**

The long and complex facts of this case are not material to the present motion. To briefly summarize, this case was originally brought by plaintiff AK Steel Corporation against defendants PAC Operating Limited Partnership and Palmtree Acquisition Corporation. AK Steel seeks recovery for costs under CERCLA concerning property located in Topeka, KS. Defendants denied liability and brought a third-party claim against third-party defendant, Arkema, for contribution. Arkema then filed a fourth-party complaint against BNSF for contribution under CERCLA. The complaint also requested the court enter judgment against BNSF for (a) BNSF's equitable share of any liability or damages awarded against Arkema and in favor of PAC and Palmtree, (b) injunctive relief against BNSF for its equitable share of future costs in the event Arkema is ordered to pay future costs to PAC and Palmtree, and (3) costs and attorney's fees. BNSF filed a motion to dismiss the fourth-party complaint, which was denied as moot after Arkema filed an amended fourth-party complaint. In its first motion to dismiss, BSNF argued Arkema could not assert a claim for relief under Section 107 of CERCLA, that Arkema had failed to plead sufficient facts to state a claim for contribution under CERCLA, and that Arkema had failed to state a claim for contribution under Kansas law. BNSF now moves to dismiss the amended complaint, arguing Arkema may not recover attorney's fees or be awarded injunctive relief under CERCLA.

**II.      Legal Standards**

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Rule 8(a)(2) states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To withstand a motion to dismiss under 12(b)(6), a complaint must contain "enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). A claim is plausible when "the pleaded factual content

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). When the complaint contains well-pled factual allegations, a court should "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

Under Rule 12(f)(2), a court may strike portions of a pleading that are "redundant, immaterial, impertinent, or scandalous . . . ." The decision to grant a motion to strike is "within the discretion of the court." *Geer v. Cox*, 242 F. Supp. 2d 1009, 1025 (D. Kan. 2003).

### III. Analysis

BNSF moves to dismiss Arkema's fourth-party complaint under Rule 12(b)(6) for failure to state a claim, or in the alternative, asks the court to strike portions of the fourth-party complaint pursuant to Rule 12(f)(2). BNSF argues that Arkema's requests for attorney's fees and for injunctive relief are not proper because these remedies are not recoverable under CERCLA.

Congress passed CERCLA in 1980 as a "comprehensive response to the problems of hazardous waste." *United States v. Hardage*, 761 F. Supp. 1501, 1508 (W.D. Okla. 1990). CERCLA provides two types of legal actions by which parties can recover costs associated with hazardous waste cleanup: cost recovery actions and contribution actions. *United States v. Colo. & E. R. Co.*, 50 F.3d 1530, 1535 (10th Cir. 1995). Here, Arkema seeks contribution from BNSF pursuant to 42 U.S.C. § 9607(a) and 42 U.S.C. § 9613(f). Under 42 U.S.C. § 9607(a)(4)(B), a liable party must pay "any other necessary costs of response incurred by any other person consistent with the national contingency plan." The United States Supreme Court has held that "attorney's fees generally are not a recoverable cost of litigation 'absent explicit congressional authorization.'" *Key Tronic Corp. v. United States*, 511 U.S. 809, 814 (1994) (citing *Runyon v. McCrary*, 427 U.S. 160, 185 (1976) (citing *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247 (1975))). In *Key Tronic*, the Supreme Court found that CERCLA did not

expressly mention the recovery of attorney's fees and therefore, CERCLA § 107—the liabilities and defenses provision—"does not provide for the award of private litigants' attorney's fees associated with bringing a cost recovery action." 511 U.S. at 819; *see also Sinclair Oil Corp. v. Dymon, Inc.*, 988 F. Supp. 1394, 1398 (D. Kan. 1997) (noting that in *Key Tronic*, the Supreme Court's indication that attorney's fees are not recoverable under the cost recovery action in CERCLA § 107 also applies to contribution actions in CERCLA § 113). This holding, however, does not mean that all payments made to a lawyer are unrecoverable. *Id.* at 819–20 (noting, "[o]n the contrary, some lawyers' work that is closely tied to the actual cleanup may constitute a necessary cost of response in and of itself under the terms of § 107(a)(4)(B)").

In *Sinclair Oil Corp*, the court acknowledged that nonlitigation related fees may be recoverable and therefore it was inappropriate to dismiss the plaintiff's request for contribution for attorney's fees. 988 F. Supp. at 1398. The court instead granted defendant's motion to strike portions of the complaint that contained explicit requests for attorney's fees. *Id.* The court agrees and, to the extent Arkema asks for litigation expenses, grants BNSF's motion to strike those parts of the complaint. This, however, does not preclude Arkema from seeking any nonlitigation fees related to the response and removal efforts as described in *Key Tronic*.

BNSF also moves to dismiss or strike Arkema's request for contribution of any costs of injunctive relief imposed on them and an injunction directing BSNF to pay for any future costs. BNSF argues injunctive relief is not available to private parties under CERCLA.

Under CERCLA § 107, parties may recover "any other necessary *costs* . . ." 42 U.S.C. § 9607(a)(4)(B) (emphasis added). The statute does not include any language about injunctive relief. The Tenth Circuit has held that states may not seek injunctive relief under CERCLA because CERCLA § 106 "contains an express and limited grant of injunctive authority." *Colorado v. Idarado Min. Co.*, 916

F.2d 1486, 1494 (10th Cir. 1990). The court noted that several courts had "adhered to the view that injunctions are not available to states and other non-federal plaintiffs under CERCLA." *Id*. at 1493. For example, the United States District Court for the District of Utah held that under CERCLA, "Congress expressly and inescapably limited injunctive power under the statute to the President," and therefore no implied authority exists under CERCLA § 107 to issue injunctive relief. *See Utah State Dep't. of Health v. Ng*, 649 F. Supp. 1102, 1106 (D. Utah 1986).

Arkema has not argued that it is entitled to injunctive relief under CERCLA. The court therefore grants BNSF's motion to strike any parts of the complaint that seek injunctive relief, as injunctive relief is unavailable to private litigants under CERCLA.

The court would briefly note that Arkema claims BNSF's motion should be denied in its entirety because it was filed in violation of Rule 12(g). Under Rule 12(g)(2), "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Arkema argues that BNSF previously moved to dismiss the original fourth-party complaint, but did not include any of the arguments raised in the motion to dismiss the amended fourth-party complaint in the original motion to dismiss. Arkema claims that the relief requested in the original complaint and the amended complaint is the same, and therefore BNSF should have raised these arguments in the original motion to dismiss. Because they were not raised in the first motion, these arguments are waived under Rule 12(g).

The court acknowledges this argument but finds that for purposes of judicial efficiency, these matters are properly raised and should be decided at this stage. *See Geer*, 242 F. Supp. 2d at 1025 (noting "[t]he purpose of [Rule 12(f)] is to minimize delay, prejudice, and confusion by narrowing the issues for discovery and trial").

**IT IS THEREFORE ORDERED** that fourth-party defendant BNSF's Motion to Dismiss or Strike Arkema Inc.'s Amended Fourth-Party Complaint (Doc. 138) is granted in part. The court strikes any portion of the complaint that refers to requests for litigation expenses, and for any request for injunctive relief. The request for dismissal under Rule 12(b)(6) is denied as moot.

Dated August 31, 2018, at Kansas City, Kansas.

>s/ Carlos Murguia
>**CARLOS MURGUIA**
>**United States District Judge**